UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM BACHES ROCA,<br><br>                   Petitioner(s),<br>    v.<br><br>BRUCE SCOTT, et al.,<br><br>                   Respondent(s). | CASE NO. C25-2551-KKE-SKV<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his arrest and re-detention during an appointment with United States Immigration and Customs Enforcement ("ICE") agents is unlawful. Dkt. No. 1. The briefing on Petitioner's habeas petition is now complete. Dkt. Nos. 1, 6, 9. Because the Court finds that the Government's[1] arrest and re-detention of Petitioner violates his constitutional right to due process, the Court will grant the habeas petition.

### I. BACKGROUND

Petitioner first entered the United States without being admitted or paroled in March 2003, when he was 17. Dkt. No. 1 ¶ 16. DHS initiated removal proceedings by filing a notice to appear, and a hearing was set for September 4, 2003. *Id*. Petitioner failed to appear, and the immigration

---

[1] In this order, the Court refers to the federal Respondents—ICE's Seattle Field Office Acting Director Laura Hermosillo, U.S. Department of Homeland Security ("DHS") Secretary Kristi Noem, and U.S. Attorney General Pamela Bondi—as "the Government."

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

court in Newark, New Jersey, ordered him removed *in absentia*. *Id*. Petitioner was arrested and removed to Guatemala in October 2006. *Id*.

Petitioner remained in Guatemala for more than 13 years, and in May 2019 fled to the United States with his oldest son. Dkt. No. 1 ¶ 17. Petitioner was apprehended by United States Border Patrol officials who, as an alternative to detention, placed Petitioner on an order of supervision ("OSUP") to allow him to care for his minor son in the United States. *Id*. Since then, Petitioner has checked in with ICE every few months and was never told he had violated conditions of his supervision. *Id*. ¶ 18.

While on supervision, Petitioner claimed fear of return to Guatemala, which entitled Petitioner to a "reasonable fear" interview with United States Citizen and Immigration Services ("USCIS"). Dkt. No. 8 ¶ 18. Petitioner's fear claim was not properly referred to USCIS, however. *Id*. At an ICE check-in on July 21, 2025, ICE agents arrested and detained Petitioner "for final adjudication of his reasonable fear claim." *Id*. ¶¶ 18–19. On July 23, 2025, Petitioner was issued a warrant of removal or deportation. *Id*. ¶ 20.

Petitioner then filed a motion to reopen his immigration proceedings in Newark, requesting that his *in absentia* removal order be rescinded and that he be allowed to apply for relief. Dkt. No. 8 ¶ 22. USCIS subsequently held Petitioner's reasonable fear interview and found against him, and Petitioner requested immigration court review of that determination. *Id*. ¶ 24. The Tacoma immigration court affirmed the USCIS finding and ordered that Petitioner be returned to DHS for removal, but the week before, the Newark immigration court had granted in part Petitioner's motion to reopen his original immigration case and voided the fear determination and removal order. *Id*. ¶¶ 25–26.

Petitioner's immigration case was transferred to Tacoma immigration court, and the Tacoma immigration court set and re-set Petitioner's immigration case for master calendar

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

hearings. Dkt. No. 8 ¶¶ 27–30. The Tacoma immigration court also held a bond hearing on December 11, 2025, at which time the court found Petitioner subject to mandatory detention, but indicated that it would grant a bond in the amount of $12,000 if Petitioner was not subject to mandatory detention. Dkt. No. 7-1 at 2, Dkt. No. 8 ¶ 31.

On December 12, 2025, Petitioner filed a habeas petition in this Court. Dkt. No. 1. For the following reasons, the Court finds that the Government failed to follow its own regulations in detaining Petitioner, and his detention is not only unlawful per the regulations but also violates his constitutional right to due process. Accordingly, the Court will grant the habeas petition and order the Government to release Petitioner from custody.

## II.    ANALYSIS

### A.    Legal Authority

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his re-detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Where a procedure is set forth in an agency's regulations in order to protect a fundamental constitutional right such as due process, and the agency fails to follow that regulatory procedure, courts have found that this failure constitutes a due process violation. *See, e.g.*, *Constantinovici v. Bondi*, __ F. Supp. 3d __, 2025 WL 2898985, at *6 (S.D. Cal. 2025) ("It is well-established that government agencies are required to follow their own regulations. … Numerous district courts, including courts in the Ninth Circuit, 'have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered.'" (quoting *Rokhfirooz v. Larose*, __ F. Supp. 3d __, 2025 WL 2646165, at *4 (S.D. Cal. 2025))).

B.   **The Government's Failure to Follow Its Regulations Violates Petitioner's Constitutional Right to Due Process.**

The Government acknowledges that non-citizens subject to a removal order, such as Petitioner, may be released from detention under 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13. *See* Dkt. No. 6 at 6. These regulations also describe the procedure by which release can be revoked if the non-citizen violates a condition of release, if there is a significant likelihood of removal "in the reasonably foreseeable future," or if revocation is in the public interest. 8 C.F.R. §§ 241.4(l), 241.13(i).[2]

The Government further acknowledges that these regulations provide that "[u]pon revocation" of an OSUP, a non-citizen "will be notified of the reasons for revocation of his or her release" and will be afforded an initial informal interview "promptly after his or her return to … custody to afford the alien an opportunity to respond to the reasons for revocation stated in the

---

[2] Although the Government submitted a declaration stating that the reason for Petitioner's arrest and re-detention was related to the adjudication of his reasonable fear claim, the return states that "[r]evocation of an OSUP is governed by 8 C.F.R. §§ 241.13(i), 241.4(l)"—without qualification as to the reason for the revocation. Dkt. No. 6 at 6. Other courts have similarly concluded that these regulations apply when release is revoked, for whatever reason. *See Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 164 (W.D.N.Y. 2025) (explaining that even if the government has a valid reason to revoke release, it must nonetheless provide a non-citizen with notice and a prompt informal interview).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

notification." 8 C.F.R. §§ 241.4(l)(1), 241.13(i). During that interview, the non-citizen "may submit any evidence or information that he or she believes shows there is no significant likelihood he or she will be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision." 8 C.F.R. § 241.13(i).

The Government acknowledges the above authorities but does not apply them to the facts of Petitioner's situation. In fact, the Government's return contains no legal argument at all. Its brief moves from a boilerplate section entitled "Detention Authorities" to the "Conclusion" section, with no application of the law to Petitioner's case anywhere in the return. *See* Dkt. No. 6 at 5–7. The petition is thus functionally unopposed.[3]

At the time that the Government filed its return, Petitioner had received neither notice of the reasons for his OSUP revocation nor an informal interview as required by the regulations. *See* Dkt. No. 8 ¶ 32. The Government stated its intention to provide Petitioner notice of his OSUP revocation on December 29, 2025, and to provide an informal interview thereafter—more than five months after his arrest and detention. *Id*. The Government also claims that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) but, again, provides no argument in support of that position. *See id*. ¶ 33. The Government's failure to provide any legal reasoning to support its recommended conclusion—that the Court deny the petition, or order Petitioner's release consistent with the alternative conditions suggested by the Tacoma immigration court (including requiring a $12,000 bond)—is devastating to the Government's purported opposition to the habeas petition.

---

[3] The Court is left to assume that the Government has refrained from making a legal argument because no well-founded argument exists. As in any other case, the Court relies on the parties to present arguments in support of their position. Where the Government elects not to substantively oppose a habeas petition, judicial economy would be better served by stipulating to the requested relief.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

The Government implies that because Petitioner is subject to mandatory detention under § 1225(b), its detention authority justifies its undisputed failure to comply with its own regulations in revoking Petitioner's OSUP. *See* Dkt. No. 6 at 5.

The Court rejects any such implication. As this Court and numerous others have concluded, the Government's interpretation of § 1225(b) is unpersuasive when the statutory scheme is read as a whole, when this subsection is read in conjunction with its implementing regulations, and when the subsection is read against the backdrop of shifting agency pronouncements. *See, e.g.*, *Llanes Tellez v. Bondi*, No. 25-cv-08982-PCP, 2025 WL 3677937, at *6–8 (N.D. Cal. Dec. 18, 2025).

Moreover, merely because the Government has the authority to detain does not relieve it of the obligation to follow the law in effectuating a detention. *See Ceesay*, 781 F. Supp. 3d at 157 ("[T]he mere fact that the government has the authority to detain someone does not mean that it may do so in any manner it chooses, without affording due process."). That the Government first attempted to comply with its own regulations only after the filing of a habeas petition, more than *five months* after Petitioner's detention, is unacceptable: other courts have granted habeas petitions where the Government delayed the notice of revocation and the informal interview by much shorter periods. *See, e.g.*, *Constantinovici*, __ F. Supp. 3d __, 2025 WL 2898985, at *6 (finding a petitioner's detention unconstitutional where petitioner was provided notice of revocation a month after arrest and ICE intended to provide an informal interview nearly six weeks after arrest); *Rokhfirooz*, __ F. Supp. 3d __, 2025 WL 2646165, at *4 (finding a petitioner's detention unconstitutional where petitioner was provided notice of OSUP revocation 53 days after arrest); *Touch v. Noem*, No. 3:25-cv-03118-RBM-AHG, 2025 WL 3278019, at *5–6 (S.D. Cal. Nov. 25, 2025) (tentatively finding a petitioner's detention unconstitutional where petitioner did not receive an informal interview within a month after arrest); *M.S.L. v. Bostock*, No. 6:25-cv-01204-AA,

2025 WL 2430267, at *10–12 (D. Or. Aug. 21, 2025) (finding a petitioner's detention unconstitutional where petitioner was provided notice of revocation two days after arrest and received an informal interview 27 days after arrest). The timeline of this case confirms that the Government failed to provide the timely process required by the regulations.

Because it is undisputed that federal agencies must follow their own regulations and that the Government has not done so here, the Court concludes that Petitioner's detention is unlawful and violates his constitutional right to due process. *See Constantinovici,* __ F. Supp. 3d __, 2025 WL 2898985, at *7. The appropriate remedy for the violation of Petitioner's constitutional rights is release.[4] *See Ceesay*, 781 F. Supp. 3d at 166 ("[B]ecause ICE did not follow its own regulations in deciding to re-detain [petitioner], his due process rights were violated and he is entitled to release."). The Court will grant the habeas petition on this basis and declines to address the remaining grounds listed in the petition.

### III.    CONCLUSION

For these reasons, the Court GRANTS Petitioner's petition for a writ of habeas corpus. Dkt. No. 1. The Government is ORDERED to immediately release Petitioner from custody, subject to the same conditions that governed his release prior to his detention in July 2025.

The Government shall file a declaration within **48 HOURS** of the issuance of this order, confirming that Petitioner has been released as required herein.

Dated this 8th day of January, 2026.

Kymberly K. Evanson
United States District Judge

---

[4] The Government has cited no authority to support its suggestion that Petitioner's release should be conditioned on his payment of the alternative bond amount listed (but not required) by the Tacoma immigration court, and the Court declines to impose a requirement not directly imposed by the Tacoma immigration court.